CAROL ROEM, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF ROBERT ROEM, DECEASED, PLAINTIFF–RE-SPONDENT, v. BOROUGH OF DUMONT, A BODY POLITIC AND CORPORATE, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 20, 1980—Decided November 24, 1980.

Before Judges BISCHOFF, MILMED and FRANCIS.

*Louis L. D'Arminio* argued the cause for appellant (*Breslin, Herten & LePore*, attorneys; *Thomas J. Herten* and *Louis L. D'Arminio*, on the brief).

*Peter S. Pearlman* argued the cause for respondent (*Cohn & Lifland*, attorneys; *Albert L. Cohn*, of counsel; *Daniel Crystal*, on the brief).

PER CURIAM.

Defendant Borough of Dumont (Borough) appeals from an order of the Law Division directing the entry of judgment for plaintiff "declaring that the plaintiff is entitled to receive from the defendant terminal leave pay of six (6) months, which sum shall be paid by the defendant to the plaintiff."

The essential facts are not in dispute. Plaintiff is the widow of Robert Roem who, on April 22, 1978, at the age of 51, committed suicide. He was at the time a lieutenant in the Dumont Police Department and had been a member of the Dumont police force for over 26 years. Plaintiff filed suit against the borough seeking, among other things six months terminal leave pay which she claimed was owing to her as widow of her deceased husband by virtue of a local ordinance and the existing contract between the borough and PBA Local 83 (Dumont Unit). The local ordinance provision reads:

When a member of the Police Department has served the required number of years and reaches the prescribed age as set forth by the Police Retirement System of the State of New Jersey, said member shall be entitled to six (6) months terminal leave with pay.

The provision of the contract between the borough and the PBA Local to which plaintiff refers, reads: "[t]he present terminal leave program which is in effect shall be maintained."

While Lieutenant Roem could have qualified for retirement after 25 years of honorable service in the police department, *N.J.S.A.* 43:16–1, he was, as previously indicated, in active service at the time of his death. In this regard the borough noted that while Lieutenant Roem had worked more than the required number of years for retirement, *i.e.*, 26 years and 6

months, he had not indicated "that he intended to retire in the immediate future." The borough also explained its procedure for processing applications for terminal leave, *viz.*,

A letter of intent to retire on a specific date is submitted to the Mayor and Council, then terminal leave is generally approved 6 months prior to the retirement date. All past retirements from the department for the last 30 years have followed this procedure.

On cross–motions for summary judgment, the trial judge ruled in favor of plaintiff on her claim that she is entitled to receive terminal leave pay from defendant, and in favor of the borough on plaintiff's claim for Blue Cross/Blue Shield insurance coverage.

The sole issue before us is the propriety of the trial judge's grant of terminal leave pay to plaintiff. In challenging that grant the borough contends that (1) it is in direct conflict with the "historical concept of terminal leave, its purpose, and the operation of the Borough's terminal leave program all [of which] contemplate an ongoing relationship with a living employee," and (2) in any event, it should "be barred as plaintiff and her decedent have failed to comply with the applicable procedures of the Borough's terminal leave program."

In ruling in favor of plaintiff on the terminal leave pay issue, the trial judge reasoned, in part, that

I think it is quite clear, and the mere fact that he [decedent] didn't leave [*sic*] to enjoy it, should not in any way deprive his successors or his survivors from that rightful entitlement. I don't see any reason why she shouldn't be entitled to the money.

We disagree and reverse.

It is clear from the record before us that plaintiff has not established either a contractual or a statutory right to the terminal leave pay which she seeks. *See Lombardi v. City of New York*, 46 *App.Div.*2d 750, 361 *N.Y.S.*2d 1 (App.Div.1974), aff'd o. b. 38 *N.Y.*2d 727, 381 *N.Y.S.*2d 38, 343 N.E.2d 756 (Ct.App.1975). The municipal program here involved obviously contemplates continuance during the period of the leave of an employer–employee relationship between the borough and the police officer qualified for the benefit, albeit the employee may not actually be working during

that time. *See Gollender v. Morgan,* 17 *Or.App.* 104, 520 *P.2d* 453 (1974); *Hironimus v. Durant,* 168 *F.2d* 288 (4 Cir. 1948), *cert.* den. 335 *U.S.* 818, 69 *S.Ct.* 40, 93 *L.Ed.* 373 (1948). This conclusion is entirely in keeping with the borough's long–standing procedure for the grant óf terminal leave benefits to qualified members of its police department. Thus, a letter of intent to retire on a specific date must be submitted by the officer to the borough's mayor and council. Following this, "terminal leave is generally approved 6 months prior to the retirement date." An ongoing relationship between the borough and a living employee is unquestionably contemplated.

The terminal leave pay portion of the order and judgment under review is reversed.